# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| DENISE MARIE EDWARDS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:13-cv-419-JHR |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the administrative law judge committed reversible error when he stated that he relied on evidence that did not exist, failed to include in the residual function capacity ("RFC") that he assigned to the plaintiff any limitations arising from one of her severe impairments, and erred in evaluating her credibility. I affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through June 30, 2015, Finding 1, Record at 23; that she

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on December 10, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 15.

1

suffered from a history of cerebral aneurysm and monocular exotropia in the left eye, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id.* at 24; that she retained the RFC to perform medium work except that she could never climb ladders, ropes or scaffolds, must avoid tasks requiring good binocular vision, and must avoid unprotected heights and dangerous machinery, Finding 5, *id.*; that she was capable of performing her past relevant work as a presser and a cashier, Finding 6, *id.* at 28; and that, therefore, she had not been under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset of disability, March 1, 2010, through the date of the decision, August 14, 2012, Finding 7, *id.* at 29. The Appeals Council declined to review the decision, *id.* at 1-3, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20

C.F.R. §§ 404.1520(f), 416.920(f); SSR 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

## I. Discussion

### A. Lack of Vocational Expert Testimony

The plaintiff first challenges, Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Itemized Statement") (ECF No. 11), at 3, the administrative law judge's conclusion that she could return to her past relevant work as a presser and a cashier, because he gave the following as the justification for that decision: "[i]n response to a hypothetical question at the hearing that reflected the claimant's residual functional capacity, the vocational expert testified that the individual would be able to complete her past work as a presser and cashier II as they were actually performed and as [they are] generally performed[.]" Record at 28. The parties agree that the vocational expert gave no such testimony at the hearing. Itemized Statement at 2; Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 12) at 2.

The plaintiff contends that the administrative law judge, therefore, had no basis for his conclusion. Itemized Statement at 3. She adds that he did not make inquiry into the requirements of her past work as "required by" Social Security Ruling 82-62, nor did he inquire about her functional limitations. *Id.*[2] The defendant responds that "[t]he fact that the VE did not testify that Plaintiff could perform [her past relevant] work does not render the ALJ's finding unsupported." Opposition at 3.

Vocational testimony is not required at Step 4. *Lewis v. Barnhart*, No. 05-3-B-W, 2005 WL 1923514, at *2 (D. Me. Aug. 9, 2005) (and cases cited therein). So long as there is other

---

[2] The plaintiff also adds that "a finding that non-exertional limitations do not significantly erode the occupational base must be supported by vocational testimony or other evidence[,]" Itemized Statement at 3-4, but that is an issue for Step 5 of the sequential evaluation process, see generally *Knapton v. Social Sec. Admin. Comm'r*, No. 1:13-cv-00168-GZS, 2014 WL 1608389, at *2 (D. Me. Apr. 22, 2014), which was not reached in this case.

3

evidence in the record to support the administrative law judge's Step 4 conclusion, the error of relying on nonexistent testimony is harmless. *Id*. n2. As the defendant points out, Opposition at 3-4, the descriptions of the two jobs at issue presented in the *Dictionary of Occupational Titles* ("DOT") fit within the parameters of the RFC assigned to the plaintiff by the administrative law judge. The vocational expert testified that the presser job is defined at section 363.682-014 of the DOT and the cashier II job at section 211.462-010. Record at 49.

The plaintiff argues that "[i]t is not apparent that the jobs do not require good binocular vision, or any of the other conditions in" the RFC. Itemized Statement at 3. She also questions whether the presser job requires the use of dangerous equipment. *Id*. However, the DOT descriptions of the jobs answer these questions. The RFC specifies that the plaintiff can never climb ladders, ropes, or scaffolds, must avoid tasks requiring good binocular vision,[3] and must avoid unprotected heights and dangerous machinery. Record at 24. The DOT describes the cashier II job as not requiring climbing or far acuity or depth perception. *Dictionary of Occupational Titles* § 211.462-010 (U.S. Dep't of Labor, 4th ed. rev. 1991). No moving mechanical parts or high exposed places are involved. *Id*.

The DOT describes the presser job as not requiring climbing or far acuity and only occasional depth perception. DOT § 363.682-014. It does not involve moving mechanical parts or high exposed places. *Id*. In addition, the state-agency physicians found that the assigned RFC would not prevent the plaintiff from returning to her past work, Record at 59, 80, and this is additional substantial evidence supporting the administrative law judge's Step 4 finding.

---

[3] Jobs requiring full binocular vision are not available to individuals with limited far acuity and field of vision. *See Grindle v. Astrue*, No. 1:10-cv-516-JAW, 2011 WL 4480680, at *2 (D. Me. Sept. 26, 2011). Work as a cashier is consistent with a lack of binocular vision. *Frizzell v. Astrue*. No. 2:11-0052, 2012 WL 2871790, at *3 (M.D. Tenn. July 12, 2012); *Gould v. Astrue*, Civil Action No. 08-3694, 2009 WL 537056, at *2-*3 (E.D. La. Mar. 3, 2009).

4

The cashier II job, at least, is consistent with the RFC. That is sufficient to sustain the administrative law judge's Step 4 conclusion.[4]

### B. Limitations Due to Cerebral Aneurysm

The plaintiff next complains of the administrative law judge's failure to include in the RFC that he assigned to her any limitations resulting from her history of cerebral aneurysm. Itemized Statement at 4. She relies on her testimony that she suffered from fatigue resulting from the aneurysm and that fatigue was the primary reason that she had problems with concentration and could not work full time. *Id*.

The administrative law judge noted that "[t]he claimant[] apparently has some short-term memory issues secondary to her past aneurysm, but these deficits [are] not significant and are [addressed by] minor compensatory strategies, such as writing down reminders." Record at 27-28. The aneurysm was surgically repaired in 2004. *Id*. at 26.

Contrary to the plaintiff's implication, failure to include in an RFC any limitations specifically tied to an impairment found to be severe does not automatically result in remand. *E.g., Courtney v. Colvin*, Civil No. 2:13-cv-72-DBH, 2014 WL 320234, at *4 (D. Me. Jan. 29, 2014). As the administrative law judge noted, the plaintiff's medical records post-surgery and discharge from the hospital show little treatment for any sequelae of the aneurysm. Record at 26. Furthermore, the plaintiff worked for several years after the surgical repair. *See generally Leavitt v. Apfel*, No. 98-328-P-C, 1999 WL 33117107, at *2 (D. Me. May 12, 1999).

In addition, where, as here, a claimant relies only upon her own testimony to support an argument that she is entitled to remand as a result of an administrative law judge's failure to include

---

[4] Because the jobs are defined in the DOT as they are customarily performed in the national economy, there was no need for the administrative law judge to inquire into the requirements of the plaintiff's specific past work as she performed it, if that is what the plaintiff means to contend. Itemized Statement at 3. *See* Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 811

5

additional limitations in her RFC, the administrative law judge's evaluation of her credibility comes into play. In this case, the administrative law judge found that:

> The claimant was able to continue working after her aneurysm and visual deficits. There is no evidence of any significant change in her physical condition at the time she stopped working or thereafter. . . . There is no evidence that the claimant is physically or mentally unable to return to her previous jobs. As the claimant's medical[] history does not fully support the claimant's allegations as they relate to her alleged symptoms, the undersigned finds the claimant's allegations are not fully credible.

Record at 28.

However, on this point, the plaintiff challenges the administrative law judge's finding with respect to her credibility. Itemized Statement at 5. I address that final issue below.

### C. Credibility

The plaintiff asserts that the administrative law judge's evaluation of her credibility is "selective and slanted." Itemized Statement at 5. Specifically, she faults the administrative law judge for failing to mention that she was fired from her last job for poor performance. *Id.* The administrative law judge's opinion does mention that this dismissal was "for stealing" and does not mention, as the plaintiff points out, *id.*, that the amount stolen was five dollars. Record at 45. However, this is not the only reason given by the administrative law judge for discounting the plaintiff's credibility. Id. at 25-26. Under these circumstances, I fail to see how this omission renders the assessment of her credibility invalid.

The plaintiff goes on to assert that "it is entirely conceivable that [the plaintiff's] symptoms could have continued and worsened without treatment." Itemized Statement at 5. This is certainly possible, but the point of the administrative law judge's analysis is that there is no medical evidence to support this "possibility." The administrative law judge was entitled to infer from a lack of treatment for any sequelae of the aneurysm or any other disabling impairment, when the

plaintiff was regularly seeing her primary care provider for other medical problems, that there were no such symptoms. *E.g., Libby v. Astrue*, No. 2:10-cv-265-GZS, 2011 WL 2531152, at *3 (D. Me. June 24, 2011). The plaintiff did not testify that her condition worsened after she stopped working, and, even if she had, he was not required to accept her testimony at face value.

The plaintiff has not demonstrated any reversible error as to credibility.

## II.     Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED.**


Dated this 2nd day of January, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge